IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARY L. LOPEZ,
    Plaintiff

v.

GOLDEN CORRAL CORPORATION,
    Defendant

CIVIL ACTION NO.:

FILED
HARRISBURG, PA
FEB 0 8 2017
DM

## COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

Plaintiff claims of Defendant a sum in excess of $150,000.00 in damages upon causes of action whereof the following are a statement:

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to Plaintiff by the laws of the United States of America.

2. The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1331, and the claim is substantively based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"), as amended by 42 U.S.C. §1981. This claim is being brought to redress the arbitrary, improper, unlawful, willful, deliberate and intentional acts of sexual harassment and retaliation engaged in by Defendant. Plaintiff also asserts sexual harassment and retaliation discrimination claims arising under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and Title 42 U.S.C. §2000e-5(f), which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5. The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

6. All conditions precedent to the institution of this suit have been fulfilled. On December 22, 2016, a Notice of Right to Sue was issued by the U. S. Equal Employment Opportunity Commission. This action has been filed by the Plaintiff within ninety (90) days of receipt of said notice. Plaintiff has exhausted all other jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES

7. Plaintiff, Mary L. Lopez, is an adult citizen of the Commonwealth of Pennsylvania who resides therein at 207 Bethel Drive, Lancaster, Pennsylvania.

8. Defendant, Golden Corral Corporation, was and is now a corporation duly organized and existing under the laws of the State of North Carolina and maintains a principal place of business located at 5151 Glenwood Avenue, Raleigh, North Carolina. At all times relevant hereto, Plaintiff was employed by Defendant at one of its restaurants located at 2291 Lincoln Highway, Lancaster, Pennsylvania.

9. At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, Defendant has been a "person" and "employer" as defined under Title VII and the PHRA, and are subject to the provisions of each said Act.

IV. **STATEMENT OF CLAIMS**

11. Plaintiff has been employed by Defendant as a Server from on or about August 23, 2015, until the present.

12. At all times relative hereto, Plaintiff has performed her job function in a dutiful and competent manner.

13. During the course of her employment, Plaintiff has been subjected to various instances of sexual harassment and sexual discrimination by Jose Ricar ("Ricar"), a co-worker, which conduct included, but was not limited to the following:

    a) Making inappropriate sexually-offensive jokes;

    b) Making sexually-inappropriate comments in reference to Plaintiff's daughter;

    c) Frequently referring to Plaintiff as "mamma guebo", which translates in English to the phrase: "c**** sucker";

    d) Making kissing noises at Plaintiff;

    e) Making sexually-inappropriate jokes towards Plaintiff, and on one occasion, referencing that he had a "pubic hair stuck" in his throat;

    f) Commenting that he needs a woman in the bathroom with him while he urinates; and,

    g) Making other sexually-offensive remarks and gestures towards Plaintiff.

14. Plaintiff resisted and opposed the aforesaid sexually-harassing and discriminatory remarks and gestures and registered several complaints to the her manager, Michael Wolf, regarding the same.

15. Although Plaintiff registered complaints of sexual harassment to Defendant's management, Defendant failed to investigate her allegations or take any remedial actions against the said individual responsible for fostering and perpetuating a sexually-hostile working environment.

16. Defendant's management was not properly trained in the identification and investigation of claims of sexual harassment, condoned a sexually-hostile work environment by failing to conduct an investigation of Plaintiff's complaints, failed to institute any appropriate methods to educate its workforce on sexual harassment, and therefore, fostered and perpetuated a sexually-hostile working environment for Plaintiff by these omissions.

17. After registering the aforesaid complaints, the sexual harassment that Plaintiff experienced intensified and worsened.

18. In one such instance, on February 6, 2016, Ricar intentionally struck Plaintiff on her left elbow with a basket containing silverware resulting in physical injury to Plaintiff.

19. As a result of these occurrences, Plaintiff was forced to take a medical leave of absence due to the said harassment and retaliation which resulted in the physical injury she sustained.

20. Plaintiff believes and therefore avers, that she was being subjected to a hostile working environment and to acts of retaliation for opposing the same, ultimately resulting in her being forced to take a medical leave of absence.

**COUNT I**
**Title VII**
**(Sexual Harassment/Retaliation)**
<u>**Plaintiff v. Defendant**</u>

21. Plaintiff incorporates by reference paragraphs 1 through 20 of her Complaint as though fully set forth herein at length.

22. Defendant has engaged in unlawful practices in violation of Title VII. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, fostering and perpetuating a sexually-hostile and offensive working environment, subjecting Plaintiff to unlawful sexual harassment, subjecting Plaintiff to retaliation after she complained about said harassment, and causing Plaintiff to take a medical leave of absence.

23. As a direct result of Defendant Corporation's willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## PHRA
## (Sexual Harassment/Retaliation)
### Plaintiff v. Defendant

24. Plaintiff incorporates by reference paragraphs 1 through 23 of her Complaint as though fully set forth herein at length.

25. Defendant has engaged in unlawful practices in violation of the PHRA. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive working environment, subjecting the Plaintiff to unlawful sexual harassment, subjecting Plaintiff to retaliation after she complained about said harassment, and causing Plaintiff to take a medical leave of absence.

26. As a direct result of Defendant Corporation's willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

27. Plaintiff incorporates by reference paragraphs 1 through 26 of her Complaint as though fully set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Defendant and order that:

   (a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

(c) Defendant pay to Plaintiff punitive damages (under Title VII), pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

THE LOVITZ LAW FIRM, P.C.

By: _____
KEVIN I. LOVITZ, ESQUIRE
ID # 70184
One Liberty Place
1650 Market Street, 36th Fl.
Philadelphia, PA 19103
(215) 735-1996 Phone
Attorney for Plaintiff,
Mary Lopez



# LOVITZ
## LAW FIRM

One Liberty Place
1650 Market Street
36th Floor
Philadelphia, PA 19103

P 215.735.1996
F 267.319.7943
E Kevin@LovitzLaw.com

KEVIN I. LOVITZ      WWW.LOVITZLAW.COM

February 7, 2017

FILED
HARRISBURG, PA

FEB 0 8 2017

DM

VIA FEDEX

Maria E. Elkins, Clerk of Court
United States District Court for the
   Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA 17108

     RE:    Mary L. Lopez v. Golden Corral Corporation

Dear Ms. Elkins:

    Enclosed please find one (1) original and two (2) copies of Plaintiff's Complaint and Jury Demand. Please file the original and return the time-stamped copies in the enclosed self-addressed, stamped envelope I have provided for your convenience. I have also enclosed this firm's check in the amount of $400.00 to cover the cost of filing.

    Thank you for your courtesies and cooperation.

Very truly yours,

KEVIN I. LOVITZ

KIL/dc
Enclosure



```
Court Name: District Court
Division: 1
Receipt Number: 111020034
Cashier ID: aarlidge
Transaction Date: 02/08/2017
Payer Name: THE LOVITZ LAW FIRM

CIVIL FILING FEE
 For: THE LOVITZ LAW FIRM
 Case/Party: D-PAN-1-17-CV-000235-001
 Amount:         $400.00

Paper Check Conversion
 Check/Money Order Num: 7954
 Amt Tendered:   $400.00

Total Due:       $400.00
Total Tendered:  $400.00
Change Amt:        $0.00


Only when bank clears the check or
verifies credit of funds is the fee
or debt officially paid or
discharged. A fee of $53.00 will be
charged for returned checks.
```

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARY L. LOPEZ

**(b)** County of Residence of First Listed Plaintiff    LANCASTER COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
KEVIN I. LOVITZ, ESQUIRE
LOVITZ LAW FIRM, P.C., 1650 MARKET STREET, 36TH FL.
PHILA., PA 19103 (215) 735-1996

## DEFENDANTS
GOLDEN CORRAL CORPORATION

County of Residence of First Listed Defendant    LANCASTER COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e et seq
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 2/7/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____