## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**MARY L. LOPEZ**,
     **Plaintiff**

    v.

**GOLDEN CORRAL CORPORATION**,
and **JAX, LLC**,
     Defendants

:
:
:     CIVIL ACTION NO.: 5:17-cv-00616
:
:
:
:
:
:

## AMENDED COMPLAINT AND JURY DEMAND

### I.    **INTRODUCTION**

       Plaintiff claims of Defendants a sum in excess of $150,000.00 in damages upon causes of action whereof the following are a statement:

    1.    This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendants of rights secured to Plaintiff by the laws of the United States of America.

    2.    The original jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1331, and the claim is substantively based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"), as amended by 42 U.S.C. §1981. This claim is being brought to redress the arbitrary, improper, unlawful, willful, deliberate and intentional acts of sexual harassment and retaliation engaged in by Defendants. Plaintiff also asserts sexual harassment and retaliation discrimination claims arising under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq. and a claim for Intentional Infliction of Emotional Distress.

b) Making sexually-inappropriate comments in reference to Plaintiff's daughter;

c) Frequently referring to Plaintiff as "mamma guebo", which translates in English to the phrase: "c\*\*\*\* sucker";

d) Making kissing noises at Plaintiff;

e) Making sexually-inappropriate jokes towards Plaintiff, and on one occasion, referencing that he had a "pubic hair stuck" in his throat;

f) Commenting that he needs a woman in the bathroom with him while he urinates; and,

g) Making other sexually-offensive remarks and gestures towards Plaintiff.

15.    Plaintiff resisted and opposed the aforesaid sexually-harassing and discriminatory remarks and gestures and registered several complaints to the her manager, Michael Wolf, regarding the same.

16.    Although Plaintiff registered complaints of sexual harassment to Defendants' management, Defendants failed to investigate her allegations or take any remedial actions against the said individual responsible for fostering and perpetuating a sexually-hostile working environment.

17.    Defendants' management was not properly trained in the identification and investigation of claims of sexual harassment, condoned a sexually-hostile work environment by failing to conduct an investigation of Plaintiff's complaints, failed to institute any appropriate methods to educate its workforce on sexual harassment, and therefore, fostered and perpetuated a sexually-hostile working environment for Plaintiff by these omissions.

- 4 -

18. After registering the aforesaid complaints, the sexual harassment that Plaintiff experienced intensified and worsened.

19. In one such instance, on February 6, 2016, Ricar intentionally struck Plaintiff on her left elbow with a basket containing silverware resulting in physical injury to Plaintiff.

20. As a result of these occurrences, Plaintiff was forced to take a medical leave of absence due to the said harassment and retaliation which resulted in the physical injury she sustained.

21. Plaintiff believes and therefore avers, that she was being subjected to a hostile working environment and to acts of retaliation for opposing the same, ultimately resulting in her being forced to take a medical leave of absence.

## COUNT I
### TITLE VII
### (Sexual Harassment/Retaliation)
### Plaintiff v. Defendants

22. Plaintiff incorporates by reference paragraphs 1 through 20 of her Complaint as though fully set forth herein at length.

23. Defendants have engaged in unlawful practices in violation of Title VII. The said unlawful practices for which Defendants are liable to Plaintiff include, but are not limited to, fostering and perpetuating a sexually-hostile and offensive working environment, subjecting Plaintiff to unlawful sexual harassment, subjecting Plaintiff to retaliation after she complained about said harassment, and causing Plaintiff to take a medical leave of absence.

24.    As a direct result of Defendants' willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## PHRA
### (Sexual Harassment/Retaliation)
### Plaintiff v. Defendants

25.    Plaintiff incorporates by reference paragraphs 1 through 23 of her Complaint as though fully set forth herein at length.

26.    Defendants have engaged in unlawful practices in violation of the PHRA. The said unlawful practices for which Defendants are liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive working environment, subjecting the Plaintiff to unlawful sexual harassment, subjecting Plaintiff to retaliation after she complained about said harassment, and causing Plaintiff to take a medical leave of absence.

27.    As a direct result of Defendants' willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

24. As a direct result of Defendants' willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## PHRA
### (Sexual Harassment/Retaliation)
### Plaintiff v. Defendants

25. Plaintiff incorporates by reference paragraphs 1 through 24 of her Complaint as though fully set forth herein at length.

26. Defendants have engaged in unlawful practices in violation of the PHRA. The said unlawful practices for which Defendants are liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive working environment, subjecting the Plaintiff to unlawful sexual harassment, subjecting Plaintiff to retaliation after she complained about said harassment, and causing Plaintiff to take a medical leave of absence.

27. As a direct result of Defendants' willful and unlawful actions in violation of Title VII, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## Plaintiff v. Defendants

28.     Plaintiff incorporates by reference paragraphs 1 through 27 of her Complaint as though fully set forth herein at length.

29.     The above-described conduct of Defendants in engaging in the aforesaid acts of sexual harassment and retaliation, constituted intentional infliction of emotional distress.

30.     As a direct result of Defendants' willful and unlawful actions, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

31.     Plaintiff incorporates by reference paragraphs 1 through 30 of her Complaint as though fully set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Defendants and order that:

(a)     Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b)     Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

- 7 -

(c)     Defendants pay to Plaintiff punitive damages (under Title VII), pre

and post judgment interest, costs of suit and attorney and expert witness fees as

allowed by law;

(d) The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

**THE LOVITZ LAW FIRM, P.C.**

By:_____

KEVIN I. LOVITZ, ESQUIRE
ID # 70184
One Liberty Place
1650 Market Street, 36th Fl.
Philadelphia, PA 19103
(215) 735-1996 Phone
Attorney for Plaintiff, Mary L. Lopez

- 8 -